***********
Upon review of the competent evidence of record, with reference to the errors assigned, and finding no good grounds to receive further evidence, or to rehear the parties or their representatives, the Full Commission, upon reconsideration of the evidence, affirms the Opinion and Award of the Deputy Commissioner, with modifications, and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which the parties entered into in their Pre-trial Agreement and at the hearing as: *Page 2 
 STIPULATIONS
1. The parties were subject to the North Carolina Workers' Compensation Act at all times relevant to these proceedings.
2. An employment relationship existed between the parties at all times relevant to these proceedings.
3. Defendant-Carrier provided workers' compensation insurance coverage to Defendant-Employer at all times relevant to these proceedings and is correctly named above.
4. Plaintiff's average weekly wage was $1,192.32 per week at all times relevant to these proceedings, yielding a compensation rate of $754.00.
5. The date of Plaintiff's work injury was March 25, 2007.
6. Defendants accepted the compensability of Plaintiff's March 25, 2007 work injury via a Form 60 dated May 5, 2008, and began paying workers' compensation benefits.
7. On April 5, 2007, Defendants filed a Form 19. 8. On December 6, 2007, Defendants filed a Form 24 seeking to terminate Plaintiff's workers' compensation benefits. On January 28, 2008, the North Carolina Industrial Commission filed an Order denying Defendants' Form 24.
9. On December 6, 2007, Defendants denied Plaintiff's entitlement to any future workers' compensation benefits in connection with his March 25, 2007 work injury via a Form 61.
10. On February 14, 2008, Defendants filed a Form 33 appealing the January 28, 2008 Order denying their Form 24.
11. The parties stipulated to the following documents being admitted into evidence as stipulated exhibits: *Page 3 
 a. Stipulated Exhibit One (1)-Pre-trial Agreement;
 b. Stipulated Exhibit Two (2)-North Carolina Industrial Commission forms and filings, documents from Plaintiff's personnel file, and Plaintiff's medical records.
 *********** ISSUES
The issues to be determined are:
1. Whether Plaintiff's March 25, 2007 work injury caused, exacerbated, or accelerated his need for left knee replacement surgery on January 1, 2008 and is causally related to his ongoing disability?
2. Whether Plaintiff is entitled to a second opinion with an orthopaedist of his choice specializing in knee treatment?
3. Whether Defendants' Form 24 seeking to terminate Plaintiff's workers' compensation benefits should have been granted?
 *********** Based upon the competent and credible evidence of record, as well as any reasonable inferences that may be drawn therefrom, the Full Commission makes the following: FINDINGS OF FACT
1. Plaintiff is 63 years old, with a date of birth of June 12, 1946. Plaintiff worked for Defendant-Employer for about 11 years as a maintenance/repair worker before his March 25, 2007 work injury. Plaintiff's duties as a maintenance/repair worker for Defendant-Employer required ladder climbing, up to 75 pounds of lifting, and frequent bending and stooping. *Page 4 
2. In 1983, Plaintiff underwent left knee surgery to repair a tibial fracture and on October 23, 1984, he underwent a left proximal tibial osteotomy. Plaintiff did relatively well after these surgeries and returned to heavy-duty work. Before Plaintiff's March 25, 2007 work injury, he frequently played golf, and experienced no problems with his left knee since the 1980's.
3. On March 25, 2007, Plaintiff suffered an admittedly compensable work injury when he fell off a ladder from a distance of more than two (2) feet, with most of his body weight landing on and twisting his left leg. After Plaintiff fell, he developed severe left knee pain and had difficulty walking. Defendants admitted the claim on a Form 60 dated May 5, 2008 (after the total left knee replacement had already been performed), but denied that the total left knee replacement surgery was related to his compensable injury and further admitted that disability began August 24, 2007.
4. After Plaintiff's March 25, 2007 work injury, he presented to Dr. Heber Grey Winfield, III, an orthopaedist, for treatment. On July 19, 2007, Plaintiff underwent magnetic resonance imaging (MRI), which revealed tears of the left medial meniscal cartilage consistent with both advanced degeneration and recent trauma. On August 16, 2007, Dr. Winfield took Plaintiff out of work.
5. On August 17, 2007, Dr. Winfield performed left knee arthroscopic surgery on Plaintiff, which removed parts of the lateral medial meniscus and debrided other areas. The August 17, 2007 arthroscopic surgery revealed injury to Plaintiff's left lateral meniscus and medial condyle, which Dr Winfield causally related to Plaintiff's March 25, 2007 work injury with 100% confidence. *Page 5 
6. The arthroscopic surgery did not significantly improve Plaintiff's left knee symptoms. On January 8, 2008, Plaintiff proceeded with left total knee replacement surgery, which Dr. Winfield performed. According to Plaintiff, the January 8, 2008 left total knee replacement surgery reduced his pain from 10 to two (2) on a 10-point pain scale. However, Dr. Winfield felt that Plaintiff's recovery from his January 8, 2008 left total knee replacement surgery was slower than he would have desired due to the previous injuries and surgeries to his left knee, which left scarring and metal hardware that made the healing process slower. Thus, Dr. Winfield had not released Plaintiff to return to work as of the date of his deposition on June 17, 2008.
7. Dr. Winfield opined and the Full commission finds as fact, that Plaintiff's March 25, 2007 work injury caused the injury to Plaintiff's left lateral meniscus and medial condyle that he found during the August 17, 2007 arthroscopic surgery and that, but for Plaintiff's March 25, 2007 work injury, Plaintiff would not have needed the January 8, 2008 left total knee replacement surgery at that time. Dr. Winfield was also of the opinion and the Full Commission finds as fact, that Plaintiff's March 25, 2007 work injury exacerbated his pre-existing knee arthritis, which resulted in his January 8, 2008 total knee replacement having to occur earlier than he otherwise may have needed it. Finally, Dr. Winfield opined, and the Full Commission so finds, that Plaintiff is not at maximum medical improvement with respect to his left knee injury. The Full Commission gives great weight to the opinion testimony of Dr. Winfield.
8. On November 29, 2007, Defendants sent Plaintiff to Dr. Robert Louis Liljeberg for a second opinion. However, Dr. Liljeberg did not see Plaintiff. Instead, Plaintiff saw a physician's assistant in Dr. Liljeberg's office. Dr. Liljeberg opined that Plaintiff's March 25, 2007 *Page 6 
work injury could have "unmasked" and accelerated the need for Plaintiff's January 8, 2008 left total knee replacement surgery.
9. On June 20, 2008, Plaintiff saw Dr. Howard David Homesley, Jr., an orthopaedist concentrating in hip and knee joint replacements, pursuant to an Order entered at the hearing before the Deputy Commissioner, for another second opinion. Dr. Homesley opined that Plaintiff's March 25, 2007 work injury was a substantial causative factor in his need for the January 8, 2008 left total knee replacement surgery. Dr. Homesley was also of the opinion that Plaintiff had a significant likelihood of needing future treatment for his left knee, including a repeat left total knee replacement surgery. The Full Commission gives great weight to the opinion testimony of Dr. Homesley.
10. The Full Commission finds, based upon the greater weight of the evidence, that Plaintiff's March 25, 2007 work injury was a substantial causative factor in Plaintiff's left knee complaints and resulted in his need for arthroscopic surgery on August 17, 2007. The Full Commission further finds as fact that Plaintiff's work injury substantially contributed to and accelerated his need for the January 8, 2008 left total knee replacement surgery.
11. Based upon the greater weight of the evidence, the Full Commission finds that Plaintiff's March 25, 2007 work injury was a substantial causative factor in his ongoing disability. As of the date of his deposition, Dr. Winfield had not released Plaintiff to return to work following his left total knee replacement surgery on January 8, 2008. The Full Commission further finds based upon the greater weight of the evidence that Plaintiff was unable to work during the period from August 16, 2007 when he was taken out of work for arthroscopic surgery, through the date of his left total knee replacement surgery on January 8, 2008, even though there does not appear to be a medical note completely removing him from work during *Page 7 
part of that period. As of September 28, 2007 Plaintiff was still on no work status, according to Dr. Winfield. Although a medical note indicated he might have been able to return to work sometime in November 2007, a medical note also indicated that Plaintiff reported no light duty work was available. Dr. Winfield did not believe Plaintiff was at maximum medical improvement as of December 13, 2007. He gave Plaintiff a rating because he wanted it. Also, Defendants admitted Plaintiff's disability and paid compensation during all but seven days of the period from August 16, 2007 through January 8, 2008.
12. The medical treatment Plaintiff has received for his March 25, 2007 work injury has been reasonably required to effect a cure, provide relief and/or lessen his disability. Plaintiff is not at maximum medical improvement and continues to need medical treatment for his compensable injury.
13. On December 6, 2007, Defendants filed a Form 24 seeking to terminate Plaintiff's workers' compensation benefits, and on January 28, 2008, the North Carolina Industrial Commission filed an Order denying the Form 24. The Full Commission finds based upon the greater weight of the evidence that it was proper to deny Defendants' Form 24 seeking to terminate Plaintiff's workers' compensation benefits for the reasons set forth above.
14. Because the Deputy Commissioner ordered the second opinion Plaintiff sought at the evidentiary hearing, the Full Commission need not address that issue.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following: *Page 8 
 CONCLUSIONS OF LAW
1. Plaintiff sustained a compensable injury by accident arising out of and in the course and scope of his employment with Defendant-Employer on March 25, 2007 to his left knee. N.C. Gen. Stat. § 97-2(6) (2008).
2. The greater weight of the evidence establishes that Plaintiff's March 25, 2007 work injury was a substantial causative factor in Plaintiff's left knee complaints and resulted in his need for arthroscopic surgery on August 17, 2007 and substantially contributed to, and accelerated his need for the January 8, 2008 left total knee replacement surgery.Holley v. ACTS, Inc., 357 N.C. 228, 581 S.E.2d 750 (2003);Young v. Hickory Business Furniture,353 N.C. 227, 538 S.E.2d 912 (2000). 3. As a result of his March 25, 2007 work injury, Plaintiff became disabled from employment on August 16, 2007 when Dr. Heber Grey Winfield, III took him out of work for arthroscopic surgery to his left knee. Plaintiff remained totally disabled from working during the period from August 16, 2007 when he was taken out of work for arthroscopic surgery, through the date of his left total knee replacement surgery on January 8, 2008. The greater weight of the evidence also establishes that Plaintiff has been medically removed from work since his left total knee replacement surgery on January 8, 2008. Thus, Plaintiff met his burden of proving disability under prong one (1) of Russell v. Lowes ProductionDistribution since August 16, 2007. Russell v. Lowes ProductionDistribution, 108 N.C. App. 762, 425 S.E.2d 454 (1993). Plaintiff is entitled to temporary total disability compensation from August 16, 2007 through the present and continuing until further order of the Industrial Commission. N.C. Gen. Stat. § 97-29 (2008). *Page 8 
3. Plaintiff is entitled to have Defendants pay for all medical treatment reasonably related to his March 25, 2007 work injury, including treatment rendered by Dr. Winfield. N.C. Gen. Stat. §§ 97-25 (2008).
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission makes the following:
 AWARD
1. Subject to a reasonable attorney's fee herein approved, Defendants shall pay temporary total disability compensation to Plaintiff at the rate of $754.00 per week from August 16, 2007 and continuing until further Order of the North Carolina Industrial Commission. Any accrued compensation shall be paid in a lump sum. Defendants are allowed a credit for compensation already paid.
2. Defendants shall pay all medical expenses incurred or to be incurred as a result of Plaintiff's March 25, 2007 work injury, for so long as such evaluations, examinations, and treatments may reasonably be required to effect a cure, to give relief, and/or to lessen his period of disability, in accordance with the provisions of the North Carolina Workers' Compensation Act.
3. A reasonable attorney's fee of 25 percent is hereby approved for Plaintiff's counsel from the sums due Plaintiff under paragraph one (1), above. Defendants shall deduct and pay directly to Plaintiff's counsel 25 percent of the accrued compensation owed to Plaintiff and every fourth check thereafter.
4. Defendants shall pay the costs of these proceedings.
This the __ day of December 2009. *Page 10 
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/___________________ STACI T. MEYER COMMISSIONER
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER